UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDITH A. LOVELL and
ROBERT LOVELL,

                                  Plaintiffs,

v.

GEICO GENERAL INSURANCE COMPANY and
GEICO INDEMNITY COMPANY,

                                  Defendants.
_____

**REPORT AND RECOMMENDATION**

12-CV-00546(A)(M)

        Before me is the motion of defendants GEICO General Insurance Company and GEICO Indemnity Company (collectively referred to as "GEICO") for partial dismissal of plaintiffs' Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) [6].[1] For the following reasons, I recommend that GEICO's motion be granted in part and denied in part.

**BACKGROUND**

        This action, which was removed to this court from State of New York Supreme Court, County of Wyoming [1], arises from a December 30, 2009 motor vehicle accident in Lawton, Oklahoma in which plaintiffs Judith and Robert Lovell, along with David Kurzdorfer, were injured in a collision between Kurzdorfer's vehicle and another vehicle operated by Frederick Perkins. Complaint [1-2], ¶15.[2] Plaintiffs allege that they each sustained a "serious

---

[1]    Bracketed references are to the CM/ECF docket entries.

[2]    Kurzdorfer has a separate action pending before this court. <u>Kurzdorfer v. GEICO General Insurance Company, et al.</u>, 12-CV-00781(A)(M).

injury" within the meaning of the New York Insurance Law (id., ¶¶34, 35), and claim entitlement to Supplemental Uninsured/ Underinsured Motorist ("SUM") coverage under policies issued by GEICO.

Plaintiffs allege that notwithstanding their compliance with the terms of these insurance policies, GEICO has "failed and/or refused to pay benefits to Plaintiffs . . . pursuant to the SUM endorsement of the insurance polic[ies]" (id., ¶¶28-33), and their Complaint asserts seven causes of action: the first and second causes of action allege that GEICO has breached the applicable policies, and seek damages "in an amount in accordance with the SUM endorsement policy limits" (id., ¶¶39, 45); the third and fourth causes of action allege "bad faith breach" of the policies, and seek damages "in an amount sufficient to punish the bad faith conduct . . . and to deter future bad faith conduct by [GEICO] and others" (id., ¶¶56, 67); the fifth and sixth causes of action allege that each policy "contains an implied covenant that imposes upon [GEICO] an obligation to act in good faith and deal fairly with Plaintiffs" (id., ¶¶69, 73), and that "as a result of [Geico's] breach of its duty of good faith and fair dealing", plaintiffs "are entitled to damages . . . in an amount sufficient to punish such wrongful conduct and to deter future wrongful conduct by [GEICO]" (id., ¶¶71, 75); and the seventh cause of action seeks "compensatory damages and . . . treble damages and attorneys' fees" for violation of New York General Business Law §349 (id., ¶88).

GEICO moves for dismissal of plaintiffs' third through seventh causes of action, arguing that each fails to state a legally cognizable claim. *See* GEICO's Memorandum of Law [6-1]. In connection with the motion, both plaintiffs and defendants have submitted materials extraneous to the Complaint. Consideration of those materials would require that the motion be

converted to one for summary judgment. *See* Rule 12(d). Since the question before me is whether plaintiffs have properly *alleged* the challenged causes of action, not whether they can prove them, I will disregard these materials in considering this motion. *See* Runge v. Erie Insurance Group, 2010 WL 5860401, *4 (W.D.N.Y. 2010) (Scott, M.J.), adopted, 2011 WL 721559 (Arcara, J.) ("The Court does not need the background exhibits to evaluate whether the Complaint states a claim or whether defendant is entitled to judgment on the pleadings. Therefore, the motion should not be converted into one for summary judgment").

**ANALYSIS**

**A.     Plaintiffs' Third Through Sixth Causes of Action**

The parties debate whether plaintiffs' third through sixth causes of action could support a claim for various types of damages. For example, plaintiffs argue that "allegations of bad faith and breach of the covenant of good faith and fair dealing are not duplicative of the breach of contract claim, but rather are necessary to support a claim for extra contractual damages. Such damages are designed to *compensate* a party for reasonably foreseeable damages". Plaintiffs' Memorandum of Law [10-21], p. 5 (emphasis added).

However, the purpose of the damages sought in plaintiffs' third through sixth causes of action is not to compensate plaintiffs for any harm which they may have sustained, but rather to punish GEICO and deter its alleged misconduct. *See* Complaint [1-2], ¶¶56, 67, 71, 75. Therefore, instead of rendering an advisory opinion as to whether these causes of action might support some form of relief which has not been requested, I will focus instead upon whether they state a claim for the relief which *has* been requested, namely punitive damages. *See* Hendricks v.

Dynegy Power Marketing, Inc., 160 F.Supp.2d 1155, 1156–57 (S.D.Cal. 2001) ("a plaintiff is the master of his or her own claims; the Court need not recast Plaintiffs' . . . causes of action").

In New York University v. Continental Insurance Co., 87 N.Y.2d 308, 316 (1995), the New York Court of Appeals spelled out "the pleading elements required to state a claim for punitive damages as an additional and exemplary remedy when the claim arises from a breach of contract. They are: (1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of [an] egregious nature . . . ; (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally".[3]

Thus, "[w]here a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract". Id. That standard eliminates plaintiffs' fifth and sixth causes of action (breach of the duty of good faith and fair dealing) as a basis for punitive damages, since the "breach of that duty is merely a breach of the underlying contract", rather than an independent tort. Harris v. Provident Life and Accident Insurance Co., 310 F.3d 73, 80 (2d Cir. 2002); Kurzdorfer v. GEICO General Insurance Company, 2013 WL 434186, *2 (W.D.N.Y. 2013) (Arcara, J.).

In some circumstances, the "nature of a contractual obligation, and the public interest in seeing it performed with reasonable care, may give rise to a duty of reasonable care in performance of the contract obligations, and the breach of that independent duty will give rise to a tort claim". New York University, 87 N.Y.2d at 316. However, in those circumstances the purpose of the extra-contractual duty is to "protect people and property from physical harm" (id.

---

[3] The parties agree that New York law governs plaintiffs' substantive claims.

at 317), whereas "governing the conduct of insurers and protecting the fiscal interests of insureds is simply not in the same league as the protection of the personal safety of citizens." Id. at 318.

Thus, in New York University, the Court held that allegations that the insurer "conceal[ed] that it is and has long been engaged in a scheme and practice of refusing to indemnify its policyholders and then vindictively and improperly terminating their insurance coverage", that it "acted recklessly", that it was "engaged in a scheme to receive premium payments without giving any benefit in return", that it "engaged in a sham investigation", and that its "actions in failing to adequately investigate, in denying payment of the claim, and in failing to renew the policy after assertion of the claim were careless, negligent, reckless and vindictive and violated the laws of this State" (id. at 317, 319) were insufficient to support a claim for punitive damages. "Plaintiff's claim amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing, and the use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence of an underlying tort duty sufficient to support a claim for punitive damages". Id. at 319-20.

Plaintiffs' third and fourth causes of action accuse GEICO of "bad faith breach" of its policies (Complaint [1-2], ¶¶56, 67) by its "failure and refusal . . . to honor its obligations under the . . . insurance polic[ies] . . . without a reasonable basis in law or fact" (id., ¶¶51, 62), in "wanton disregard of the interests of Plaintiffs and the insurance buying public" (id., ¶¶52, 63). Plaintiffs further allege that GEICO "does not intend to pay insurance benefits for such losses" and has a "business policy of requiring insureds to retain counsel and litigate claims under SUM endorsements in an effort to discourage such claims and pay less benefits to insureds who have

valid claims" (id. ¶¶53, 54, 64, 65). These allegations are substantively no different from those deemed insufficient to support a claim for punitive damages in New York University.[4]

  *See also* Dekel v. Unum Provident Corp., 2007 WL 812986, *2 (E.D.N.Y. 2007) ("Dekel's claim for punitive damages - that Unum Provident committed a tortuous act through the bad faith denial of Dekel's insurance claim - is not cognizable under New York law"); Silverman v. State Farm Fire & Casualty Co., 22 Misc.3d 591, 594 (Sup. Ct. Nassau Co. 2008) ("Under New York law, punitive damages would be available in this case only where the plaintiffs could demonstrate that they were victims of a tort independent of the insurance contract even if denial of benefits under that contract could be deemed made in bad faith"); Cross v. State Farm Insurance Co., 2011 WL 4916534 *5 (N.D.N.Y. 2011) ("[t]here is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance contract"); Nouveau Elevator Industries, Inc. v. Continental Casualty Insurance Co., 2006 WL 1720429, *8 (E.D.N.Y. 2006) ("there is no separate, generalized tort claim for bad faith denial of insurance in New York"); Brown v. Paul Revere Life Insurance Co., 2001 WL 1230528, *4 (S.D.N.Y. 2001) ("The claim that plaintiff seeks to add merely alleges that defendant breached its contract intentionally, pursuant to an alleged policy of breaking disability insurance contracts in order to avoid the payment of full benefits. Assuming the truth of these allegations, they do not allege a tort independent of the contract").

---

[4]  Plaintiffs rely heavily upon Medina v State Farm Mutual Auto Insurance Co., 303 A.D.2d 987 (4th Dep't 2003), which reversed the grant of summary judgment dismissing, *inter alia*, causes of action alleging bad faith and breach of the duty of good faith and fair dealing. However, there is no indication in Medina that the Fourth Department considered a challenge to the facial sufficiency of the Complaint. As plaintiffs admit, "*Medina* involved a motion for summary judgment rather than a pre-answer motion to dismiss". Plaintiffs' Memorandum of Law [10-21], p. 4. In any event, the Court of Appeals' reasoning in New York University controls my analysis of this motion.

For these reasons, I conclude that plaintiffs' third through sixth causes of action fail to state a claim for punitive damages. Although "it is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint", Van Buskirk v. The New York Times Co., 325 F.3d 87, 91 (2d Cir. 2003), leave need not be granted where the court concludes that "further amendment . . . would be futile". Id. Since I conclude that neither bad faith breach nor breach of the implied covenant of good faith and fair dealing - regardless of how pleaded - can possibly support a claim for punitive damages, I recommend that these causes of action be dismissed without leave to amend.

**B.    Plaintiffs' Seventh Cause of Action**

Plaintiff's seventh cause of action alleges a violation of New York General Business Law ("GBL") §349(a), which prohibits "[d]eceptive acts or practices in the conduct of a business or in the furnishing a service" in New York State. "[P]arties claiming the benefit of the section must, at the threshold, charge conduct that is consumer oriented. The conduct need not be repetitive or recurring but defendant's acts or practices must have a broad impact on consumers at large; private contract disputes unique to the parties . . . would not fall within the ambit of the statute." New York University, 87 N.Y.2d at 320. "If a plaintiff meets this threshold, its prima facie case may then be established by proving that defendant is engaging in an act or practice that is deceptive in a material way and that plaintiff has been injured by it." Id.

Plaintiffs allege that GEICO "ignored the substantial documentation and information which Plaintiffs submitted to it, and also ignored and disparaged Plaintiff's explanation of what had occurred, choosing instead to adopt a farfetched version of the facts

(Complaint [1-2], ¶82); that its "deceptive acts and practices . . . are part of a pattern of conduct with respect to its settlement practices, which is recurring and has ramifications for the general public" (id., ¶83); that it has "violated GBL §349, Insurance Law §2601 and the related rules and regulations by, among other things, acting deceptively toward Plaintiffs" (id., ¶86);[5] and that "by reason of the foregoing, Plaintiffs . . . have suffered compensatory damages and [are] entitled to treble damages and attorneys' fees under GBL §349 (id., ¶88) .

In moving for dismissal of this claim, GEICO argues that plaintiffs "have failed to set forth how [its] actions were consumer-oriented let alone any specific instances where [it] misled the Plaintiffs". GEICO's Memorandum of Law [6-1], p. 11. If further argues that plaintiffs "must allege with some specificity the allegedly deceptive acts or practices that form the basis for the claim . . . . Conclusory allegations such as those that allege a general claim settlement policy that would deceive the general public are insufficient." Id., p. 8 (*citing* Lava Trading, Inc. v. Hartford Fire Insurance Co., 326 F. Supp.2d 434, 438 (S.D.N.Y. 2004)).

While several district court cases support that view,[6] the Second Circuit has held that "an action under §349 is not subject to the pleading-with-particularity requirements of Rule 9(b) . . . but need only meet the bare-bones notice-pleading requirements of Rule 8(a)." Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005). "Although the district

---

[5] "Insurance Law §2601 does not give rise to a private cause of action." New York University, 87 N.Y.2d at 317-18.

[6] *See*, e.g., Cross v. State Farm Insurance Co., 2011 WL 4916534, *4 (N.D.N.Y. 2011) ("speculat[ion] that others have been treated in similar fashion, . . . [is] insufficient to state a plausible General Business Law §349 claim"); O.K. Petroleum Distribution Corp. v Traverels Indemnity Co., 2010 WL 2813804, *5 (S.D.N.Y. 2010) (holding that an allegation that "the practices complained of are part of a systemic program aimed at the policyholders generally, having an impact on insurance consumers at large" with no additional factual support was "speculative" and insufficient to survive dismissal).

court . . . dismissed the §349 claims on the ground that plaintiffs' allegations of a generalized campaign to create a false impression were vague and conclusory . . . the cure for such deficiencies, in a claim not required to be plead with particularity, is a motion for a more definite statement under Rule 12(e) . . . rather than dismissal." Id. at 512, n. 5.

Pelman's continuing viability is open to question in view of the Supreme Court's subsequent interpretation of the requirements of Rule 8(a) in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). For example, in Chernish v. Massachusetts Mutual Life Insurance Co., 2009 WL 385418, *4 (N.D.N.Y. 2009), the court dismissed plaintiff's GBL §349 claim for lack of specificity, reasoning that in light of Twombly, Pelman's "'bare-bones' requirement . . . means that the pleading must contain at least 'some factual allegations' that are 'enough to raise a right to relief above the speculative level to a plausible level' . . . . Here, Mass Mutual is correct that 'plaintiff does not provide a single factual allegation' to support her conclusory allegations".

The allegations of plaintiffs' seventh cause of action clearly fail to pass muster under Twombly/Iqbal. The only specific allegation (namely, that GEICO "ignored the substantial documentation and information which Plaintiffs submitted to it, and also ignored and disparaged Plaintiff's explanation of what had occurred, choosing instead to adopt a farfetched version of the facts (Complaint [1-2], ¶82)) does not allege a deceptive or misleading act, and the remaining allegations (namely, that GEICO's "deceptive acts and practices . . . are part of a pattern of conduct with respect to its settlement practices, which is recurring and has ramifications for the general public" (id., ¶83) and that it has "violated GBL §349, Insurance Law §2601 and the related rules and regulations by, among other things, acting deceptively toward Plaintiffs" (id.,

¶86)), are completely devoid of factual specificity. Therefore, if Twombly and Iqbal govern this motion, then plaintiffs' seventh cause of action must be dismissed.

However, Twombly and Iqbal are not the only guideposts to the pleading requirements of Rule 8(a). I must also consider Rule 84 (which is not even mentioned in Twombly or Iqbal), since "no single Rule can . . . be considered in a vacuum". Nasser v. Isthmian Lines, 331 F.2d 124, 127 (2d Cir. 1964). "The operation of Federal Rule 8(a) cannot be understood without a full appreciation of a number of provisions in the federal rules other than Rule 8 itself." 5 Wright, Miller, Kane, Marcus, Federal Practice & Procedure (Civil), §1203 (3d ed.). "Disproportionate emphasis therefore may not be prudently accorded to one rule in disregard of another which comes into operation." Compania Maritima Transoceanica, S.A. v. Ocean Freighting & Brokerage Corp., 10 F.R.D. 129, 131 (S.D.N.Y. 1950).

As originally enacted, Rule 84 stated that "[t]he forms contained in the Appendix of Forms are intended to indicate, subject to the provisions of these rules, the simplicity and brevity of statement which the rules contemplate". 14 Moore's Federal Practice, §84App.02 (Matthew Bender 3d ed.). Despite that language, some courts held that compliance with the forms was not sufficient to avoid dismissal for failure to state a claim. *See*, e.g., Washburn v. Moorman Mfg. Co., 25 F.Supp. 546, 546 (S.D.Cal. 1938) ("Plaintiff contends the complaint is sufficient under Federal Rules of Civil Procedure . . . and calls attention to forms given, which he claims in effect to have copied . . . . In the instant case no fact is stated to support the conclusion of 'implied contract' to pay. When the facts are simply and concisely stated in lucid fashion, and support such conclusion, the parties will be placed upon proof, otherwise the action fails"); Employers' Mutual Liability Insurance Co. of Wisconsin v. Blue Line Transfer Co., 2 F.R.D.

121, 123 (W.D.Mo.1941) ("It is contended . . . by the plaintiff that its complaint is in substantial compliance with the form prescribed by the Supreme Court in adopting the New Rules of Civil Procedure. An examination of the form supports plaintiff in its contention. However, these forms do not dispense with the necessity, as occasion may require, for a statement of certain details or particulars which would enable the defendant more readily to prepare and file a responsive pleading").

Rule 84 was therefore amended in 1946 in order to "discourage isolated results such as those found in Washburn . . . [and] Employers' Mutual". Rule 84 Advisory Committee Notes (1946 amendment). As amended, the Rule stated that the Appendix Forms "are sufficient under the rules". 14 Moore's, §84App.05.[7] "The amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent . . . . [P]leaders in the federal courts are not to be left to guess as to the meaning of the language in Rule 8(a) regarding the form of the complaint." Id.

"Many courts have recognized the tension between the Supreme Court's interpretation of Rule 8(a) in Iqbal and Twombly and Rule 84's provision that the form complaints are sufficient pleadings." Comfort Inn Oceanside v. Hertz Corp., 2011 WL 5238658, *8, n. 11 (E.D.N.Y. 2011). "Some of the forms . . . would plainly fail the Iqbal / Twombly standard as they consist entirely of legal conclusions." Id.. For example, Appendix Form 11 ("Complaint for Negligence") merely alleges that "on *date*, at *place*, the defendant negligently

---

[7] In its current form, Rule 84 states that"[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate".

drove a motor vehicle against the plaintiff"; Form 15 ("Complaint for the Conversion of Property") merely alleges that "[o]n *date*, at *place*, the defendant converted to the defendant's own use property owned by the plaintiff. The property converted consists of *describe*"; Form 18 ("Complaint for Patent Infringement") merely alleges that "[t]he defendant has infringed and is still infringing the Letters Patent by making, selling and using *electric motors* that embody the patented invention"; and Form 19 ("Complaint for Copyright Infringement and Unfair Competition") merely alleges that "[t]he defendant infringed the copyright by publishing and selling a book entitled ____, which was copied largely from the plaintiff's book".

      Most courts which have directly addressed the conflict have concluded that the pleading standards exemplified by the Rule 84 Appendix Forms control over the standards enunciated in Twombly/Iqbal. *See*, *e.g.*, Steuben Foods, Inc. v. Shibuya Hoppmann Corp. 2011 WL 3608064, *6 (W.D.N.Y. 2011) (Arcara, J.) ("The level of detail that plaintiff has provided so far matches the level of detail that would have been sufficient under [Rule] 84 had it chosen to use the complaint set out in . . . Form 18 . . . . The Court thus rejects defendant's argument to dismiss for failure to state a claim"); In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ("to the extent the parties argue that Twombly and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control"); Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010) ("Rule 84 . . . provides [that] 'The forms in the Appendix [to the Rules] suffice under these rules'. The rules referred to obviously include Rule 8(a)(2) . . . . Rule 84 and Form 13 may only be amended by the process of amending the Federal Rules, and not by judicial interpretation"); W.L. Gore & Associates, Inc. v. Medtronic, Inc., 778 F.Supp.2d 667, 675 (E.D.Va. 2011) ("the Federal Rules

state that compliance with the forms is sufficient, and the Supreme Court's decisions in Twombly and Iqbal could not have amended the Federal Rules"); Comfort Inn, 2011 WL 5238658, *8, n. 11 ("neither Twombly nor Iqbal abrogated Rule 84's provision that use of the forms is sufficient compliance with the Rules").[8]

"In attempting to reconcile Rule 84 with Iqbal and Twombly, many courts have upheld complaints modeled on the forms only if they plead the exact type of claim as those in the forms." Comfort Inn, 2011 WL 5238658, *8, n. 11. *See*, *e.g.*, Robert Bosch Healthcare Systems, Inc. v. Express MD Solutions, LLC, 2012 WL 2803617, *4 , n. 9 (N.D.Cal. 2012) ("the Forms appearing in the Federal Rules of Civil Procedure are controlling *only* for causes of action for which there are sample pleadings") (emphasis in original); Elan Microelectronics Corp. v. Apple, Inc., 2009 WL 2972374, *2 (N.D.Cal. 2009) ("In the absence of any other form that . . . is made binding on the courts through Rule 84, the Court must apply the teachings of Twombly and Iqbal").

However, that approach ignores Rule 84's proviso that the Appendix Forms - which range from simple negligence or contract disputes to complex patent infringement claims - are intended to "*illustrate* the simplicity and brevity that these rules contemplate" (emphasis added). "We give the Federal Rules of Civil Procedure their plain meaning", Business Guides,

---

[8] *Cf*. Gudenas v. Cervenik, 2010 WL 987699, *3 n.2 (N.D.Ohio 2010), adopted, 2010 WL 1006532 (N.D.Ohio 2010) ("Presumably, certain of the Forms provided in accordance with Civil Rule 84 will be eliminated or modified . . . . [T]he allegations as set forth in Forms 11 and 15 would surely fail as legal conclusions of negligence and conversion couched as factual allegations, under Twombly and Iqbal").

Inc. v. Chromatic Communications Enterprises, Inc. 498 U.S. 533, 540 (1991), and "a court called upon to construe a procedural rule should give effect, whenever possible, to every word and phrase contained in the rule's text". McIntosh v. Antonino, 71 F.3d 29, 35 (1st Cir. 1995).

The plain meaning of the word "illustrate" is "to make clear by giving examples" (Webster's Third New International Dictionary Unabridged), and an "example" means "a single particular item . . . that may be taken fairly as typical or representative of all of a group or type" (id.). Therefore, limiting the applicability of Rule 84 to only those claims specifically covered by the Appendix Forms would not only ignore the word "illustrate", but would also violate the well-established principle that "a requirement of greater specificity for particular claims must be obtained by amending the Federal Rules". Jones v. Bock, 549 U.S. 199, 213 (2007). *See also* Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts . . . . *Expressio unius est exclusio alterius*") (emphasis in original).

Accordingly, I conclude that Rule 84 applies to *all* claims governed by Rule 8(a), not merely those for which a specific Appendix Form exists.[9] If that is true, then "reconciling the dictates of Twombly and Iqbal with the Appendix Forms is not merely difficult, it is impossible".

---

[9] *See* CBT Flint Partners, LLC v. Goodmail Systems, Inc. 529 F.Supp.2d 1376, 1380 (N.D.Ga. 2007) ("Although the Form only provides a model for pleading direct infringement, there is no principled reason . . . for requiring more factual detail when the claim is one for contributory infringement as opposed to direct infringement"); Hamilton, 621 F.3d at 818 ("The district court considered Form 13 irrelevant because it applies to F.E.L.A. claims by railroad workers. But that overlooks Form 13's broader significance. As incorporated by Rule 84, Form 13 makes clear that an allegation in *any* negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element") (emphasis in original).

Automated Transactions, LLC v. First Niagara Financial Group, Inc., 2010 WL 5819060, *3 (W.D.N.Y. 2010) (McCarthy, M.J.), adopted, 2011 WL 601559 (W.D.N.Y. 2011) (Arcara, J.). Rather than attempting the impossible, I must decide whether to follow the requirements of Twombly and Iqbal or Rule 84. I choose the latter, since a Federal Rule of Civil Procedure "is, in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions". Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988); *see also* Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997) ("Courts are not free to amend a rule outside the process Congress ordered"); Automated Transactions, 2010 WL 5819060, *4.

      While the allegations of plaintiffs' seventh cause of action do not satisfy the requirements of Twombly and Iqbal, they are no more conclusory than the allegations illustrated by Rule 84's Appendix Forms. Since Rule 84 states that such allegations "suffice under these rules",[10] who am I to say otherwise? "[T]he Rules mean what they say and that it is the duty of the courts in administering them to give full expression to the clear meaning of the words used without one rule nullifying another." Westland Oil Co. v. Firestone Tire & Rubber Co., 3 F.R.D. 55, 56 (D.N.D.1943). Therefore, I recommend that GEICO's motion to dismiss plaintiffs' seventh cause of action pursuant to Rule 12(b)(6) be denied.

      Having concluded that plaintiffs' allegations are facially sufficient to support a claim under GBL §349, I am nevertheless troubled by certain of those allegations. Since

---

[10]    "Suffice" means "to measure up to a standard : satisfy all requirements". Webster's Third New International Dictionary Unabridged.

plaintiffs admit that "no discovery has been conducted on the claim and any further information concerning GEICO's practices and procedures is in the exclusive possession of GEICO" (Plaintiff's Memorandum of Law [10-21], pp. 9-10), I am puzzled as to how they could allege - consistent with Rule 11 - that GEICO's "deceptive acts and practices . . . are part of a pattern of conduct . . . which is recurring and has ramifications for the general public" (Complaint [1-2], ¶83), or that it "has a business policy of requiring insureds to retain counsel and litigate claims under SUM endorsements in an effort to discourage such claims" (id., ¶65).

Rule 11(b)(3) states that "[b]y presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, *if specifically so identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" (emphasis added). Thus, "allegations may be based on information and belief when facts are peculiarly within the opposing party's knowledge." Boykin v. KeyCorp 521 F.3d 202, 215 (2d Cir. 2008).

However, in opposing GEICO's motion to dismiss, plaintiffs emphasized the fact that "the pertinent allegations concerning the conduct of GEICO have *not* been alleged upon information and belief". Plaintiff's Memorandum of Law [10-21], p. 9 (emphasis added). Therefore, under Rule 11(b)(3) they have certified that "to the best of [their] knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support".[11]

"Attorneys and parties are required to 'think first and file later,' to 'look before leaping.' They may not file suit hoping that discovery will later show that a claim was proper." 2 Moore's Federal Practice, §11.11[2][a]. At this point I fail to see how plaintiffs can represent that there is evidentiary support for their GBL §349 claims, when they have conceded that the relevant information "is in the exclusive possession of GEICO". Therefore, I suggest that they proceed cautiously.

**CONCLUSION**

For these reasons, I recommend that GEICO's motion to dismiss [6] be granted with prejudice as to plaintiff's third through sixth causes of action, but denied as to plaintiff's seventh cause of action. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by April 15, 2013 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

---

[11] Although the Complaint was filed in state court, and therefore was not at that time subject to the requirements of Rule 11, "if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court . . . it would be viewed as 'presenting' - and hence certifying to the district court under Rule 11 - those allegations". Rule 11 Advisory Committee Notes (1993 amendments).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 29, 2013

        /s/ Jeremiah J. McCarthy
        JEREMIAH J. MCCARTHY
        United States Magistrate Judge