UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDITH A. LOVELL and                                          **REPORT AND**
ROBERT LOVELL,                                                 **RECOMMENDATION**
                         Plaintiffs,

v.                                                                          12-CV-00546(A)(M)

GEICO GENERAL INSURANCE COMPANY
and GEICO INDEMNITY COMPANY,

                         Defendants.
_____

DAVID A. KURZDORFER,

                         Plaintiff,                     12-CV-00781(A)(M)

v.

GEICO GENERAL INSURANCE COMPANY
and GEICO INDEMNITY COMPANY,

                         Defendants.
_____

Although not formally consolidated, these two actions are coordinated for purposes of pretrial proceedings. Before me are plaintiffs' motions ([27, 30] in the Lovell action, [28] in the Kurzdorfer action),[1] for dismissal of these actions pursuant to Fed. R. Civ. P. ("Rule") 19. For the following reasons, I recommend that the motions be denied.

**BACKGROUND**

These actions, which were removed to this court from State of New York Supreme Court County of Wyoming (Lovell action) and County of Erie (Kurzdorfer action), arise

---

       [1]       Bracketed references are to the CM/ECF docket entries.

from a December 30, 2009 motor vehicle accident in Lawton, Oklahoma in which plaintiffs Judith Lovell, Robert Lovell, and David Kurzdorfer, all occupants of Kurzdorfer's vehicle, were injured when rear-ended by another vehicle operated by Frederick Perkins IV.  All plaintiffs settled with Perkins, and now claim entitlement to Supplemental Uninsured/ Underinsured Motorist ("SUM") coverage under policies issued by defendants ("GEICO").

According to plaintiffs, "the cumulative injuries and damages sustained by all three Plaintiffs in these two actions have the potential to far exceed the available coverage under the . . . Geico policies . . . [which] afford single limit SUM coverage".  Rule 19 Submission ([28] in the Kurzdorfer action), ¶3.  By Text Orders dated April 17, 2013 ([16] in the Lovell action, [20] in the Kurzdorfer action), Judge Arcara raised the issue of whether Rule 19 makes the Lovell plaintiffs  necessary or indispensible parties under in the Kurzdorfer action and plaintiff Kurzdorfer a necessary or indispensible party in the Lovell action, and, if so, whether complete diversity is thereby destroyed.[2]

After Judge Arcara remanded these cases to me for additional proceedings, I directed the parties to make further submissions concerning the potential applicability of Rule 19, and the parties did so  ([27, 30, 31] in the Lovell action, [28, 29] in the Kurzdorfer action). Because plaintiffs argue for dismissal of this action pursuant to Rule 19 (in favor of continuing in state court), I have deemed their submissions to be motions seeking that relief. In opposing

---

[2] Although the parties had not raised the issue, the court was entitled to consider it. *See* MasterCard International Inc. v. Visa International Service Association, Inc., 471 F.3d 377, 382-83 (2d Cir. 2006) ("Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue sua sponte even if it is not raised by the parties").

plaintiffs' request, GEICO argues that Rule 19 is not applicable to these actions ([31] in the Lovell action, [29] in the Kurzdorfer action).

## ANALYSIS

Rule 19(a)(1) states: "Required Party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Rule 19(b) then provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."

Although they did not name each other as defendants in their respective actions when commenced, in response to Judge Arcara's inquiry plaintiffs now argue that they are all required parties in both actions, and that their presence would destroy diversity of citizenship (since they are all New York residents), necessitating dismissal of the actions from this court. However, dismissal under Rule 19 is a "drastic and disfavored remedy" (United States v. Allegheny-Ludlum Industries, Inc., 517 F.2d 826, 877 (5th Cir.1975), cert. denied, 425 U.S. 944 (1976)), and "[t]he burden of proof rests on the party raising the defense . . . to show that the

person who was not joined is needed for a just adjudication." American General Life and Accident Insurance Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

Therefore, unless plaintiffs first demonstrate that they are "required parties" to each other's actions within the meaning of Rule 19(a)(1), Rule 19 is not applicable to these actions. Accordingly, I will analyze whether they have met their burden of proof under Rule 19(a)(1)(A) or (B):

**A.      Rule 19(a)(1)(A): "Complete Relief Among Existing Parties"**

Plaintiffs argue that they "all have an interest in having the Court accord 'complete relief' which, in this case, means an appropriate, proportionate distribution of the limited funds available". Rule 19 Submission ([27] in the Lovell action), p. 4 of 7. "[I]n the absence of each other's presence, there would be no available method of having 'complete relief' in terms of an appropriate, equitable distribution of the available insurance funds". Id., p. 3 of 7, ¶9.

However, as used in Rule 19, "the term complete relief refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought". Arkwright-Boston Manufacturers Mutual Insurance Co. v. City of New York, 762 F.2d 205, 209 (2d Cir. 1985); 4 Moore's Federal Practice, §19.03[2][b][ii] (Matthew Bender 3d ed. 2014). For reasons discussed in Section B of this opinion, neither the Lovells nor Mr. Kurzdorfer have the right to an "appropriate", "proportionate", or "equitable" distribution of the insurance proceeds vis-a-vis claimants who are not parties to the particular action in question.

B.    **Rule 19(a)(1)(B): "An Interest Relating to the Subject of the Action"**

"Rule 19(a)(1)(B)(i) and Rule 19(a)(1)(B)(ii) are contingent upon an initial requirement that the absent party claim a *legally protected* interest relating to the subject matter of the action." Romag Fasteners, Inc. v. Bauer, 2011 WL 5513380, *4 (S.D.N.Y. 2011) (emphasis added); ConnTech Development Co. v. Univ. of Connecticut Educational Properties, Inc., 102 F.3d 677, 682 83 (2d Cir.1996). "This interest must be legally protected, not merely a financial interest or interest of convenience. The absentee must have a direct stake in the pending litigation." 4 Moore's Federal Practice, §19.03[3][b] (Matthew Bender 3d ed. 2014).

Plaintiffs argue that "in the event the Lovells are not joined to the Kurzdorfer action, it is quite likely that, in the event Kurzdorfer obtains a judgment against Geico, the Lovells would be forced to seek further judicial intervention in the form of injunctive relief or a stay of execution. A similar situation would arise if the Lovells were to obtain judgment in their action." Rule 19 Submission ([28] in the Kurzdorfer action), ¶17. However, plaintiffs cite no legal authority which would enable them to do so, and the authority which I have located is to the contrary. *See* In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 498 (Bkrtcy. S.D.N.Y. 1991) ("one claimant cannot prevent another from settling just because the settlement might diminish or exhaust the insurance proceeds"); Gerdes v. Travelers Insurance Co., 109 Misc.2d 816, 818-19 (Sup. Ct. Suffolk Co.1981) ("an insurer who settles with some parties injured in a collision is liable only for the remainder of the policy limits even though it may have been aware

that the total claims would probably exceed the policy limits").[3] Therefore, while plaintiffs may each have an interest in preventing payment of all or part of the GEICO SUM policies to other plaintiffs, that interest is not "legally protected".

**CONCLUSION**

Since plaintiffs have failed to prove that they are "required parties" under Rule 19(a)(1)(A) or (B), I recommend that their motions ([27, 30] in the Lovell action, [28] in the Kurzdorfer action) be denied. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by July 28, 2014 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the

---

[3] The only exceptions to this rule are where the policy provides for ratable distribution or where the vehicle involved was for hire. Id. Plaintiffs (who bear the burden of proof) have not shown that either exception is applicable here.

proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 11, 2014

                                       /s/ Jeremiah J. McCarthy  
                                       JEREMIAH J. MCCARTHY  
                                       United States Magistrate Judge